## James Brown *v.* The State.

Escape — Jurisdiction and Practice of the Court of Appeals. — Appellant in this case, having been convicted of a felony, effected his escape from the R. County jail, pending the action of this court on his appeal. The appeal had been properly docketed in the "fourth assignment," but before it was reached, upon proof of escape submitted, and upon motion, the appeal was dismissed, under the act of August 21, 1876. The appellant moves to reinstate the appeal, assigning as causes his voluntary return to jail *before* the fourth assignment was reached by this court, error in the dismissal of the appeal before the time for taking up and disposing of causes under the fourth assignment, and the unconstitutionality of the act of August 21, 1876. *Held*, that the act of August 21, 1876, is constitutional; that the system of assignment is merely conventional, and this court may determine questions in all cases of felony without regard to their position on the docket. And *held, further*, that when the party has effected his escape pending his appeal, and such appeal has been dismissed, this court has no further jurisdiction over the cause.

APPEAL from District Court of Rusk. Tried below before the Hon. A. J. BOOTY.

*N. G. Bagley*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J. At the July term, 1878, of the District Court of Rusk County, James Brown, the appellant, was tried and convicted for an assault with intent to murder, with two years in the penitentiary assessed for his punishment.

On August 3, 1878, during said term, his motion for a new trial was overruled, and excepted to, with notice of appeal duly given and entered upon the minutes of the court. A certified transcript of the record for purposes of appeal was duly made out by the district clerk, and transmitted by mail to the clerk of this court, who received it September 24, 1878, and filed and docketed the same as case No. 409, on the fourth assignment, to which assignment appeals from the county of Rusk properly belonged. After this court convened at this place at the present term, but before the time for taking up and disposing of cases on the fourth assigment, a motion was filed by the assistant attorney-general, on October 30, 1878, to dismiss the appeal because appellant had escaped from custody and was then at large. In support of this motion, and as part thereof, he exhibited to the court the affidavit of the sheriff of Rusk County, substantiating the facts therein stated; which evidence proving satisfactory, the appeal was, by this court, dismissed on the said last above-mentioned date, namely, October 30, 1878, and judgment entered accordingly. These proceedings were based upon the "act to amend article seven hundred and twenty-one of the Code of Crim-

inal Procedure," approved August 21, 1876.   Gen. Laws
Fifteenth Legislature, 217.

On November 18th, appellant, by counsel, filed his motion
to set aside the order and judgment of dismissal, and to
reinstate the case on the docket for hearing on the appeal.
This motion was based partly upon the affidavits of two
deputy-sheriffs of Rusk County, stating that on November
1, 1878, the appellant voluntarily returned and surrendered
himself up, was placed in the county jail of Rusk County,
and is now there held in confinement.   The other grounds
of the motion are, in substance :

1. That the order and judgment dismissing the appeal
were erroneous, because made before the time for taking up
and disposing of causes on the docket of the fourth   assign-
ment.

2. Because the act of August 21, 1876, upon which the
case was dismissed, is unconstitutional and void.

3. Because of the voluntary return of appellant before
the call of the fourth assignment in this court.

This court has heretofore been called upon to pass upon
the constitutionality of the act in question, and the validity
and efficacy of the act has been upheld and vindicated.
See *Gresham* v. *The State*, 1 Texas Ct. App. 458 ; *Young* v.
*The State*, 3 Texas Ct. App. 384.

Between the Young case and the one at bar there is a
striking similarity in the facts.   Only one additional question
to those there raised is submitted here, and that is the dis-
missal of this case before the assignment was reached to
which it properly belonged, and the further fact that the
appellant's voluntary return in this instance was before the
day upon which the docket for cases appealed from his
county was assigned for trial.

Now, the law is " that all appeals to the Supreme Court
[Court of Appeals] in cases of felony may be heard and

determined by the Supreme Court [Court of Appeals] without regard to their position on the docket.'' Gen. Laws 1873 (Thirteenth Legislature) ; Pasc. Dig., art. 3207. Assignments, or the times fixed for taking up and disposing of criminal causes from different localities, are simply conventional arrangements, made before each term by the presiding officers and judges of the court, to subserve the convenience of attorneys representing the parties appealing on the hearing of the cause. Pasc. Dig., art. 1585. They were never intended in any manner to abridge or restrict the right of the court to hear and determine a case at any time when it might be in condition to be finally disposed of.

The language of the act above referred to is, '' that in case the defendant shall make his escape from prison during the pending of the appeal, then the jurisdiction of the appellate court shall no longer attach in the case ; and upon the fact of such escape being made to appear, the court shall, on motion of the attorney general, or counsel for the State, dismiss the appeal.'' Gen. Laws Fifteenth Legislature, 217. It follows that a party who has appealed in a felony case, and who effects his escape during the pendency of his appeal, does so at his peril. He, by his own act, deprives this court of its jurisdiction of his case ; and when that fact has been made to appear, and his case has been dismissed, this court has no further power or control over it.

The motion to set aside the order to dismiss the appeal in this case and to reinstate it upon the docket for hearing is overruled.

*Ordered accordingly.*